UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-172-H

DORY-STOCKHOFF, LLC                                                                    PLAINTIFF

V.

ALLEN HAYDEN, et al.                                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On December 26, 2007, Plaintiff, Dory-Stockhoff LLC, filed suit in state court against Defendants, Allen and Judith Hayden, alleging violations of an Asset Purchase Agreement entered into between them on June, 16, 2000 (The "Agreement").  Defendants were the owners of William Stockhoff & Sons, Inc., which Plaintiff purchased under the Agreement.  Defendants removed the case to the federal court and then moved to dismiss on the grounds that disputes at issue here are subject to mandatory arbitration.

Plaintiff's complaint alleged generally that Defendants (1) violated the non-compete and confidentiality provisions of the Agreement, (2) violated their fiduciary duties to Plaintiff and (3) interfered with various business relationships of Plaintiff.  Plaintiff argues that those disputes arise from a violation of two subsequent agreements which contain no arbitration clause and that the fiduciary duty claim is unrelated to the Agreement.  Defendants contend that the disputes set forth in the lawsuit are subject to arbitration because those disputes generally concern the disclosures of confidential information and the solicitation of customers, each of which the Agreement prohibits.

The Agreement sets out the following arbitration provision:

> All claims, demands, disputes, controversies and differences that may arise
> between the parties to this Agreement concerning any issue relating to the

>    interpretation or enforcement of this Agreement shall be settled by Arbitration on the following items.

The Agreement further provides for notice an appointment of arbitrators as well as other provisions necessary to the conduct of the arbitration.

The Court has reviewed the letters dates June 27, 2001 and September 19, 2005, which Plaintiff asserts comprise new agreements which the arbitration provision does not cover.  The Court respectfully fully disagrees with this suggestion.  Both these letter agreements summarize actions which the Agreement anticipated and formally confirm how each of the covered actions were to be handled under the Agreement.   Rather than crafting a new agreement, the letters refer to the Agreement and discuss the application of it to the new events.  The Court concludes that the arbitration provision within the Agreement remains applicable to the matters in dispute.

Consequently, the conduct discussed and the allegations made in the original complaint are those which should be decided with reference to the Agreement.   Having concluded that the complaint generally covers matters which are subject to arbitration, the Court will leave to the arbitrators the task of determining whether specific issues are within the arbitration provisions and whether all procedural requirements are met.   While these matters are resolved in arbitration, the appropriate action is a stay.

Being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that the Defendants' motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that these matters are generally subject to arbitration and the case is **STAYED** until further orders of the Court.   This is remanded from the Court's active docket.

cc:     Counsel of Record